**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON**

**CRIMINAL ACTION NO. 03-74-JBC**

**UNITED STATES OF AMERICA,**                                                    **PLAINTIFF,**

**V.**                  **MEMORANDUM OPINION AND ORDER**

**RENATO ACOSTA,**                                                       **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's motion to reduce sentence (DE 233). The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

In accordance with a plea agreement, the defendant entered a plea of guilty in 2004 to charges of conspiracy to distribute and possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine. On October 4, 2004, this court sentenced the defendant to 115 months in prison.

On August 15, 2005, the defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. On December 30, 2005, United States Magistrate Judge J. Gregory Wehrman recommended denying the defendant's motion on the grounds that the defendant had validly waived his right to collaterally attack his sentence and that his claims lacked merit. This court subsequently adopted this recommendation. On June 15, 2006, the petitioner filed a successive motion to vacate his sentence, which this court transferred to the United States Court of

Appeals for the Sixth Circuit. On March 19, 2007, the Court of Appeals found that the defendant had validly waived his right to collaterally attack his sentence, and it therefore denied him leave to file a successive motion to vacate.

The defendant now moves the court to reduce his sentence in light of *United States v. Wills*, 476 F.3d 103, 109 (2d Cir. 2007), in which the Second Circuit held that a sentencing judge may consider a defendant's potential deportation when sentencing him. As both this court and the Court of Appeals have previously found that the defendant has waived his right to attack his sentence, the court must deny the defendant's motion.[1]

Even if this were not the case, the court also lacks jurisdiction to grant the defendant the relief he seeks. Fed. R. Crim. P. 35(a) permits a court to correct a sentence within seven days of sentencing and only for "arithmetical, technical, or other clear error." Rule 35(b) permits the reduction of a sentence only upon motion of the government "made within one year of sentencing." Since the defendant was sentenced in 2004, neither of these provisions is applicable. Beyond the time limits set out in Rule 35, "the court has jurisdiction to amend the sentence only in conformity with Rule 36 . . . ." *United States v. Robinson*, 368 F.3d 653, 656

---

[1] In *Wills*, the Second Circuit actually vacated the sentence imposed by the district court *because* it relied on the likelihood of the defendant's deportation in sentencing him. In doing so, it narrowly defined the circumstances under which a district court may consider deportation in sentencing as follows: "when [the judge] identifies, with some particularity, why a specific defendant is certain to be deported and why deportation, in light of that defendant's individual circumstances, will serve to protect the public." *Id.* at 109. The defendant has not shown that these considerations favor the reduction of his sentence in this case.

(6th Cir. 2004). Rule 36, however, grants a sentencing court discretion only to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." A clerical error is not one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or secretary might commit, mechanical in nature. *Robinson*, 368 F.3d at 656. As the defendant requests that the court reduce his sentence for substantive reasons, the court also finds that Rule 36 is inapplicable to this situation. Accordingly,

    **IT IS ORDERED** that the defendant's motion (DE 233) is **DENIED**.

Signed on May 14, 2007

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3